## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | |
|---|---|
| DANIELLE VARNER, a minor, by and through her father and next friend, MICHAEL VARNER, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 3:21-cv-290 |
| | ) |
| YAMAHA MOTOR CO., LTD., | ) **JURY TRIAL DEMANDED** |
| | ) |
| *Serve*:  Yamaha Motor Co., Ltd. 2500 Shingai, Iwata-shi, Shizuoka-ken, Japan | ) ) ) ) |
| and | ) ) |
| YAMAHA MOTOR CORPORATION, U.S.A., | ) ) |
| *Serve*:  Corporation Service Company 100 Shockoe Slip, Floor 2 Richmond, Virginia, 23219-4100 | ) ) ) ) |
| Defendants. | ) ) |

## COMPLAINT

COMES NOW Plaintiff, Danielle Varner, a minor, by and through her father and next friend, Michael Varner, and brings the following Complaint against Defendants, Yamaha Motor Co., Ltd. and Yamaha Motor Corporation, U.S.A., (hereinafter collectively referred to as "Yamaha"), and would respectfully show unto the Court the following:

## PARTIES

1.      Plaintiff, Danielle Varner, is an infant who sues by and through her father and next friend, Michael Varner. Danielle lives with her parents in King William County, Virginia.

2.      Defendant Yamaha Motor Co., Ltd. ("YMC") is a company organized and existing under the laws of Japan, where, at all relevant times, it engaged in the design, manufacture, and distribution of personal watercrafts known as "Waverunners" to North America. By virtue of its business operations, YMC is subject to personal jurisdiction in the Commonwealth of Virginia and its long-arm jurisdictional rules. YMC's principal office is located at 2500 Shingai, Iwata-shi, Shizuoka-ken, Japan, where it can be served with process in accordance with the terms of the Hague Convention.

3.      Defendant Yamaha Motors Corporation, U.S.A. ("YMUS") is a corporation organized and existing under the laws of the State of California, with its principal office in Cypress, California, where, at all relevant times hereto, it engaged in the business of marketing, distributing, and selling personal watercrafts known as "Waverunners," with its products being sold, distributed, and/or used in the Commonwealth of Virginia. By virtue of its business operations, YMUS is subject to personal jurisdiction in Virginia and its long-arm jurisdictional rules. YMUS may be served with process by serving its registered agent, Corporation Service Company, at 100 Shockoe Slip, Floor 2, Richmond, Virginia, 23219-4100.

## JURISDICTION AND VENUE

4.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a)(2) because the controversy is between Plaintiff, Danielle Varner, a minor, by and through her father and next friend, Michael Varner, both of whom are citizens of the Commonwealth of Virginia, and Defendants, foreign corporate citizens doing business in Virginia and throughout the United States. Moreover, the amount in controversy greatly exceeds $75,000.00, the minimum jurisdictional amount of this Court. The Court is further vested with subject matter jurisdiction pursuant to 28 U.S.C. § 1333, as the case is one of admiralty.

### FACTS

5.      On July 11, 2020, Plaintiff, Danielle Varner, travelled with two friends to Essex County, Virginia where they planned to go for a ride in the Rappahannock River on one of the friend's new 2020 Yamaha Waverunner VX Cruiser HO.

6.      At the time of the incident made the basis of suit, as the Waverunner was being driven by her friend Lindsay Shortt, and with Danielle's other friend Jordan Mitchell riding as the middle passenger, Danielle fell off the back of the watercraft into the navigable waters of the Rappahannock River.

7.      Upon falling off the watercraft, Danielle landed directly in the path of the high-pressure blast of water emanating from the watercraft's jet-thrust propulsion system. The high-pressure stream of water was powerful enough to penetrate the orifices in her lower abdomen, resulting in massive, mutilating injuries to her vagina, anus, rectum, colon, and internal organs, as well as severe nerve damage to her knee and leg.  These injuries, which are permanent in nature, have resulted in severe physical pain and suffering, mental anguish, physical impairment, and bodily disfigurement.

8.      The subject Waverunner was designed, tested, manufactured, marketed, and placed into the stream of commerce by Defendant Yamaha.

9.      The subject Waverunner was in the same condition at the time of the incident as it was when Defendant Yamaha placed it into the stream of commerce.

10.      At the time of the incident, the subject Waverunner was being used as intended and in a manner reasonably foreseeable to Defendant Yamaha.

### COUNT ONE
### STRICT LIABILITY:  DEFECTIVE DESIGN

11.      Plaintiff adopts and incorporates herein the allegations made in all paragraphs

preceding this paragraph 11.

12.     At all relevant times hereto, Defendant Yamaha engaged in the business of designing, manufacturing, constructing, selling, and distributing products to the public, including the subject Waverunner.

13.     Defendant Yamaha had a duty to design, test, manufacture, assemble, and inspect its Waverunners so as not to subject purchasers and/or users to an unreasonable risk of harm through a product which was in a defective and unreasonably dangerous condition.  The subject Waverunner was defective and unsafe for its intended purposes at the time it left the control of Yamaha and at the time it was sold and was expected to, and did, reach the ultimate users of the watercraft without a substantial change in the condition in which it was sold.

14.     Defendant Yamaha placed its personal watercrafts, including the subject Waverunner, on the market with knowledge that it would be used without inspection for defects and dangers.  Defendant Yamaha knew or should have known that ultimate users, operators, passengers, or consumers would not and could not properly inspect this product for defects and dangerous conditions, and that detection of such defects and dangers would be beyond the capabilities of such persons.

15.     The product was defectively designed so as to render it unreasonably dangerous to Plaintiff, Danielle Varner.  In particular, Waverunners, including the subject Waverunner, do not provide riders with adequate mobility restraints, handholds, straps, grips, seating configuration, and/or tail design which would prevent the rearmost passenger from sliding backward off the seat and falling directly into the path of the blast of water emanating from the watercraft's jet thrust propulsion system.

16.     Several safer alternative designs existed at the time the product was manufactured.

Those safer alternatives would have incorporated (*inter alia*):

(a)   A simple grip strap across the seat which could be held between the passenger's legs thereby allowing them to independently secure themselves to the watercraft;

(b)   Handholds in or adjacent to the seat that are high enough and located sufficiently in front of the last passenger so as to allow her the ability to reach and grip the handles, while at the same time allowing her to keep her center of gravity sufficiently forward; and

(c)   A contoured seat with a bolster or backrest high enough to prevent the last passenger from sliding off the rear of the craft.

17.   Each of the foregoing alternative designs would have prevented or significantly reduced the risk of Plaintiff's injuries without substantially impairing the product's utility. Furthermore, each of these safer alternative designs were economically and technologically feasible at the time the product left Yamaha's control by the application of existing or reasonably achievable scientific knowledge.

18.   As a direct and proximate result of the foregoing defects, Plaintiff, Danielle Varner, sustained severe nerve damage and  mutilating injuries, including traumatic vaginal and rectal tearing and rectosigmoid perforation from the forceful injection of water, resulting in pain and suffering, impairment, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical care and treatment, and loss of the ability to earn money. Plaintiff's injuries are permanent in nature and, in all likelihood, will result in her sustaining continued losses for the duration of her natural life.

## COUNT TWO
## STRICT LIABILITY: DEFECTIVE WARNING

19.   Plaintiff adopts and incorporates herein the allegations made in all paragraphs preceding this paragraph 19.

20.     The subject Waverunner was defective and unreasonably dangerous because it was placed on the market without adequately warning the users of the watercraft that a passenger could slide or topple off the back of the craft and land directly into the path of an extremely dangerous jet of water which was likely to inflict severe and permanent damage to human tissue, nerves, and organs.

21.     Moreover, the product was placed on the market without adequately warning the users of the watercraft that the rear most passenger could fall directly into the path of an extremely dangerous jet of water which was likely to inflict severe and permanent damage to human tissue, nerves, and organs, or death, when it was well known that the warnings provided did not comply with industry and manufacturing standards, and that the warnings could have been placed in better, more conspicuous locations, and incorporated much clearer language which would convey the true extent of the risks involved.

22.     The warnings which were provided were small, inconspicuous, hidden within a barrage of warnings, unclear, non-specific, and vague and, therefore, in violation of industry and manufacturing standards and entirely inadequate to provide the protection needed by passengers invited to ride on such a watercraft.

23.     As a direct and proximate result of the foregoing, Plaintiff, Danielle Varner, sustained severe nerve damage and mutilating injuries, including traumatic vaginal and rectal tearing and rectosigmoid perforation from the forceful injection of water, resulting in pain and suffering, impairment, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical care and treatment, and loss of the ability to earn money. Plaintiff's injuries are permanent in nature and, in all likelihood, will result in her sustaining continued losses for the duration of her natural life.

## COUNT THREE
## GENERAL MARITIME LAW NEGLIGENCE

24.     Plaintiff adopts and incorporates herein the allegations made in all paragraphs preceding this paragraph 24.

25.     Defendant Yamaha knew, or in the exercise of due care should have known, that the subject Waverunner was, or was likely to be, dangerous for the use for which it was supplied; had no reason to believe that those for whose use the product was supplied would realize its dangerous condition; knew or should have known that the watercraft's unreasonably dangerous condition would create a foreseeable and unreasonable risk of harm to users, including Plaintiff, Danielle Varner, and failed to exercise reasonable care to inform ultimate users, including Danielle, of the watercraft's dangerous condition or of the facts which make it likely to be dangerous.

26.     Defendant Yamaha was under a duty to properly and adequately design, manufacture, assemble, test, inspect, label, provide adequate warnings for, package, distribute, and sell the subject Waverunner in a reasonably safe condition so as not to present a danger to members of the general public who reasonably and expectedly under ordinary circumstances would come into contact with the subject Waverunner, including Plaintiff.

27.     Defendant Yamaha breached its duties of reasonable care owed to Plaintiff in one or more of the following ways:

        (a) Failing to design, manufacture, assemble, distribute, and sell the subject Waverunner so that it was safe for its intended use;

        (b) Failing to design, manufacture, assemble, distribute, and sell the subject Waverunner so that passengers, including Plaintiff, would be prevented from being ejected off of the seat during foreseeable use;

(c) Failing to design, manufacture, assemble, distribute and sell the subject Waverunner so that passengers, including Plaintiff, could remain seated on the watercraft during foreseeable use;

(d) Failing to warn and/or incorporate adequate warnings as to the known risk to passengers, including Plaintiff, of being ejected due to the design of the subject Waverunner;

(e) Failing to design, manufacture, assemble, distribute, and sell the subject Waverunner so that it would prevent passengers, including Plaintiff, from being severely injured as a result of the design and/or location of its water jets during foreseeable use;

(f) Failing to design, manufacture, assemble, distribute, and sell the subject Waverunner so that it would incorporate available design alternatives to ensure that passengers, including Plaintiff, would be protected from the jet propulsion system's water blast during foreseeable use;

(g) Failing to warn and/or incorporate adequate warnings as to the known risk to passengers, including Plaintiff, of being injured from the jet propulsion system's water blast due to the design of the subject Waverunner;

(h) Failing to design, manufacture, assemble, distribute and sell the subject Waverunner so that it would prevent passengers, including Plaintiff, from being injured as a result of the inherently defective design of combining no restraints and rapid acceleration;

(i) Failing to exercise reasonable care in the testing, inspection, examination, and evaluation of the subject Waverunner so that passengers, including Plaintiff, would not be ejected off of the seat during foreseeable use;

(j) Failing to exercise reasonable care in the testing, inspection, examination, and evaluation of the subject Waverunner so that passengers, including Plaintiff, could remain seated

on the Personal Watercraft seat during foreseeable use; and

       (k) Failing to exercise reasonable care in the testing, inspection, examination, and evaluation of the subject Waverunner so that passengers, including Plaintiff, would not be injured from the jet propulsion system's water blast.

28.     The negligence described above directly and proximately caused the incident and injuries sustained by Plaintiff in that it directly and in natural and continuous sequence produced or contributed substantially to her injuries.

29.     As a direct and proximate result of the foregoing negligence, Plaintiff sustained severe nerve damage and mutilating injuries, including traumatic vaginal and rectal tearing and rectosigmoid perforation from the forceful injection of water, resulting in pain and suffering, impairment, disability disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical care and treatment, and loss of the ability to earn money. Plaintiff's injuries are permanent in nature and, in all likelihood, will result in her sustaining continued losses for the duration of her natural life.

## COUNT FOUR
## PUNITIVE DAMAGES

30.     Plaintiff adopts and incorporates herein the allegations made in all paragraphs preceding this paragraph 30.

31.     Defendant Yamaha is, and was at all times pertinent to this Complaint, well aware of the risk of orifice injuries, as it has been sued dozens of times for orifice-related injuries, dating back to 1991. Throughout this time, Yamaha has also known that safer alternative designs exist that would prevent injuries such as those sustained by Plaintiff from occurring. Despite its knowledge of such alternative designs (which include, without limitation, a raised seatback/backrest, properly designed handholds, and properly designed seat straps), Defendant

Yamaha has chosen to violate core safety engineering principles by trying to warn its way out of a design defect.

32.     Such actions, inactions, failures, and/or omissions of Defendant Yamaha were willful and wanton in nature, were taken with actual or constructive knowledge that injury would result and were accomplished with such recklessness as to evidence a conscious disregard for and indifference towards the health, safety, and rights of users of its Waverunners, including Plaintiff.

## DAMAGES

31.     As a direct and proximate result of the negligence, carelessness, gross negligence, recklessness, willful and wanton misconduct, and strict liability of Defendants, Plaintiff, Danielle Varner, sustained injuries on July 11, 2020, for which she is entitled to recover monetary compensation greatly in excess of the minimum jurisdictional limits of this Court for each element of compensatory damages set out below:

      a.     Past and future physical pain and suffering;

      b.     Past and future mental anguish;

      c.     Loss of past and future earnings;

      d.     Loss of past and future earning capacity;

      e.     Past and future bodily disfigurement;

      f.     Past and future physical impairment; and

      g.     Past and future medical expenses.

## PRAYER FOR RELIEF

31.     Plaintiff respectfully prays for judgement against Defendants, individually and jointly and severally, for compensatory and punitive damages, along with prejudgment interest and post judgment interest, and for such other and further relief, both at law and in equity, which

the Court may deem appropriate under the circumstances.

## **DEMAND FOR JURY TRIAL**

32.     Plaintiff respectfully requests a trial by jury on all issues so triable, pursuant to

Rule 38 of the Federal Rules of Civil Procedure.

Respectfully submitted,

**DANIELLE VARNER, a minor, by and through her father and next friend, MICHAEL VARNER**

Date:   May 4, 2021

*/s/ Patricia B. Turner_____*
Edward Everett Bagnell, Jr., Esq. (VSB #74647)
Email: ebagnell@spottsfain.com
Patricia Bugg Turner, Esq. (VSB #72775)
Email: pturner@spottsfain.com
Spotts Fain PC
411 East Franklin Street, Suite 600
Richmond, Virginia 23219
(804) 697-2000 (Telephone)
(804) 697-2100 (Facsimile)

Brian N. Mazzola, Esq. (*pro hac vice* motion to be filed)
Mazzola Law Firm, PLLC
505 W. Lucas Drive
Beaumont, TX 77706
Telephone: (409) 898-0690
Facsimile: (409) 283-7970
bmazzola@mazzolalawfirm.com
*Counsel for Plaintiff*